IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

     Plaintiff,  :  Case No. 3:16-cr-098
             Also Case No. 3:20-cv-204

             District Judge Thomas M. Rose
 -  vs  -         Magistrate Judge Michael R. Merz

DAVID ANTHONY McCOMB, JR.,

     Defendant.  :

## REPORT AND RECOMMENDATIONS

  This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 32). Defendant asserts his guilty plea and conviction must be vacated because of the Supreme Court's decision in *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019). § 2255 motions are automatically referred to the undersigned Magistrate Judge under General Order Day 13-01.

  The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

1

response within a fixed time, or take other action the judge may order.

**Litigation History**

On July 16, 2016, the grand jury for this District returned an Indictment charging McComb as follows:

> On or about April 6, 2016, in the Southern District of Ohio, the defendant, DAVID A. MCCOMB, JR., having been convicted of a crime punishable by imprisonment for a term exceeding one year, specifically:
>
> (1) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003 CR O 1200, of "Aggravated Robbery (deadly weapon);
>
> (2) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003 CR 01088, of Aggravated Robbery (deadly weapon);
>
> (3) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003 CR 00204, of "Burglary;"
>
> (4) on or about March 8, 2011, in Mahoning County, Ohio, Court of Common Pleas, Case Number 09CR526, of " Intimidation;"
>
> (5) on or about March 14, 2013, in Montgomery County, Ohio, Common Pleas Court, Case Number 20 12 CR 00366, of "Abduction;"
>
> did knowingly possess in and affecting commerce, a firearm, to wit: a Rossi, caliber .22 pistol, with obliterated serial number.
>
> In violation of Title 18, United States Code, Section 922(g)(l).

(Indictment, ECF No. 3).

On November 20, 3016, McComb entered into a Plea Agreement with the United States (ECF No. 20). In the Plea Agreement, McComb agreed to plead guilty to the one count charged in the Indictment, admitting that he was in fact guilty. McComb admitted

> that the Statement of Facts, which is attached hereto as Exhibit A and incorporated herein by reference as though set forth in full, is true and correct. The defendant agrees that the Statement of Facts establishes guilt of the offense charged beyond a reasonable doubt, provides a factual basis for defendant's guilty plea as required by Rule 11 (b )(3) of the Federal Rules of Criminal Procedure, and constitutes a stipulation of facts for purposes of Section 1 B 1.2( a) of the Sentencing Guidelines.

(Plea Agreement, ECF No. 20, PageID 40-41.) Although, as the Plea Agreement recites, the maximum term of imprisonment for this offense is ten years, the parties agreed that an appropriate sentence was seventy-seven months. *Id.* at PageID 41. Paragraph 11 of the Agreement provides:

> 11. Defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence, including the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement, except that defendant retains the right to appeal if the United States files an appeal, or if the Court imposes a sentence above the statutory maximum. Defendant also waives his right to attack his conviction or sentence collaterally through a post-conviction proceeding, including proceedings under 28 U.S.C. § 2255 and 18 U.S.C. § 3582.

*Id.* at PageID 44.

The Statement of Facts attached to the Plea Agreement reads:

> On April 6, 2016, Dayton Police officers on a vehicular patrol encountered DAVID A. MCCOMB, JR., standing on a nuisance

3

>abated property located on East Third Street, in Dayton, Ohio. An officer exited the vehicle in an attempt to make contact with MCCOMB, and MCCOMB fled. After a brief foot chase, an officer apprehended MCCOMB near an alleyway behind a residence on South Jersey Street, in Dayton, Ohio. During a subsequent search of MCCOMB's person, officers found a Rossi, caliber .22 pistol, in the right front pocket of MCCOMB's pants. When recovered from MCCOMB, the Rossi, caliber .22 pistol had an obliterated serial number.
>
>The Rossi, caliber .22 pistol was manufactured in Brazil and thus had been transported in interstate commerce before reaching MCCOMB in Ohio. Prior to his possession of this firearm, MCCOMB had been convicted of crimes punishable by imprisonment for a term exceeding one year namely: (a) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003 CR 01200, of "Aggravated Robbery (deadly weapon);" (b) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003CR 01088, of "Aggravated Robbery (deadly weapon);" (c) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003 CR 00204, of "Burglary;" (d) on or about March 8, 2011, in Mahoning County, Ohio, Court of Common Pleas, Case Number 09CR526, of "Intimidation;" and (e) on or about March 14, 2013, in Montgomery County, Ohio, Common Pleas Court, Case Number 2012 CR 00366, of "Abduction."

*Id.* at PageID 48.  In the Statement of Facts, McComb admitted all the elements of the crime of being a felon in possession of a firearm in or affecting interstate commerce and that the government could prove those facts beyond a reasonable doubt.  That it to say, McComb admitted his "status" of being a person in the class of persons who have been convicted (not once but on five specific occasions) of crimes punishable by more than a year in prison,  Thus it is unclear how McComb believes he is entitled to relief under *Rehaif*.

An extended analysis of the *Rehaif* decision and of whether it applies retroactively to cases on collateral review is unnecessary here, however, because McComb waived his right to file a § 2255 motion in ¶ 11 of the Plea Agreement.

4

Because McComb waived his right to seek relief by a Motion to Vacate, the instant Motion should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 1, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.