# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

            Plaintiff,      :      Case No. 3:16-cr-098
                                    Also Case No. 3:20-cv-204

                                    District Judge Thomas M. Rose
-  vs  -                               Magistrate Judge Michael R. Merz

DAVID ANTHONY McCOMB, JR.,

            Defendant.      :

## DECISION AND ORDER

     This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 32). The case was referred to the Magistrate Judge by General Order Day 13-01 and he has filed a Report and Recommendations recommending that the Motion to Vacate be dismissed with prejudice (ECF No. 33).

     Defendant has now filed Objections to that Report (ECF No. 34). When a party files objections to a Magistrate Judge's Report, the District Judge must review *de novo* each portion of the Report to which specific objections is made. This Decision reviews and rules on each of Defendant's specific objections.

     Defendant asserts his guilty plea and conviction must be vacated because of the Supreme Court's decision in *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019).

1

On November 20, 3016, McComb entered into a Plea Agreement with the United States (ECF No. 20).  In the Plea Agreement, McComb agreed to plead guilty to the one count charged in the Indictment, admitting that he was in fact guilty and that the attached Statement of Facts was true.  (Plea Agreement, ECF No. 20, PageID 40-41.) The Statement of Facts attached to the Plea Agreement reads:

> On April 6, 2016, Dayton Police officers on a vehicular patrol encountered DAVID A. MCCOMB, JR., standing on a nuisance abated property located on East Third Street, in Dayton, Ohio. An officer exited the vehicle in an attempt to make contact with MCCOMB, and MCCOMB fled. After a brief foot chase, an officer apprehended MCCOMB near an alleyway behind a residence on South Jersey Street, in Dayton, Ohio. During a subsequent search of MCCOMB's person, officers found a Rossi, caliber .22 pistol, in the right front pocket of MCCOMB's pants. When recovered from MCCOMB, the Rossi, caliber .22 pistol had an obliterated serial number.
>
> The Rossi, caliber .22 pistol was manufactured in Brazil and thus had been transported in interstate commerce before reaching MCCOMB in Ohio. Prior to his possession of this firearm, MCCOMB had been convicted of crimes punishable by imprisonment for a term exceeding one year namely: (a) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003 CR 01200, of "Aggravated Robbery (deadly weapon);" (b) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003CR 01088, of "Aggravated Robbery (deadly weapon);" (c) on or about April 24, 2003, in Montgomery County, Ohio, Common Pleas Court, Case Number 2003 CR 00204, of "Burglary;" (d) on or about March 8, 2011, in Mahoning County, Ohio, Court of Common Pleas, Case Number 09CR526, of "Intimidation;" and (e) on or about March 14, 2013, in Montgomery County, Ohio, Common Pleas Court, Case Number 2012 CR 00366, of "Abduction."

*Rehaif* provides no basis for relief in this case for at least four reasons.

First of all, McComb admitted under oath all the elements of the offense of conviction: possession of a firearm that was in or affected interstate commerce after having been convicted of five criminal offenses carrying a possible penalty of over one year's incarceration.  McComb reads *Rehaif* as recognizing another element of a § 922(g) offense:  knowledge of one's status as a person prohibited from possessing a firearm.  The defendant in *Rehaif* had been convicted of violating § 922(g)(5) where the prohibited status was being an alien unlawfully in the United States;  Rehaif's jury had been instructed that the Government did not have to prove Rehaif knew he was in the country illegally and the Supreme Court found that instruction was incorrect:  knowledge of status is an element.  But here McComb admitted the status of being a convicted felon and he surely learned of that status when he was convicted of those felonies[1] and thus knew his status when he possessed the gun in question on April 6, 2016.  If McComb's argument is that he did not know that possessing a firearm by a convicted felon was illegal, that is a claim of ignorance of the law, which is not a defense.  *Cheek v. United States,* 498 U.S. 192, 191 (1991).  Substantively *Rehaif* does not provide McComb any relief.

The second reason why *Rehaif* provides no relief here is that it does not apply retroactively to cases on collateral review.  Judgment was entered in this case on March 27, 2017; the *Rehaif* decision was not handed down until more than two years later on June 21, 2019.  Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule.  *United States v. May,* 2019 U.S. Dist. LEXIS 203817, 2019 WL 6310185 (S.D. Ohio Nov. 25, 2019) citing *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S.

---

[1] Under American law, convictions of defendants in absentia are extremely rare.  As a matter of due process, they can only happen when a defendant flees in the middle of trial.  McComb does not assert any of his prior felony convictions happened when he was not present.

288 (1989). A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). Certainly *Rehaif* embodies a new rule of criminal procedure.

"Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396 (1994). *Rehaif* does not come within the first *Teague* exception because it does not place the possession of firearms by convicted felons beyond the power of criminal law-making. While it is a new rule of criminal procedure, it is hardly a "watershed" rule: while the Supreme Court has recognized the possibility that there might be such rules, it has never actually found a new rule that meets that standard. *Rehaif* therefore does not apply to cases on collateral review, such as on a motion to vacate.

McComb relies heavily on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), but *Gary* was before the Fourth Circuit on direct appeal, not collateral review. *Rehaif* was decided after Gary pleaded guilty to violating 18 U.S.C. § 922(g)(1), but before the Fourth Circuit decided his case on appeal; in that sense, *Rehaif* was an "intervening" decision of the Supreme Court. The

4

Fourth Circuit did not have to decide the issue of retroactivity of the *Rehaif* decision because Gary's conviction had not become final when *Rehaif* was decided.

Third, McComb's Motion to Vacate is barred by the one-year statute of limitations in 28 U.S.C. § 2255(f).  His conviction became final when he failed to appeal by April 10, 2017, fourteen days after judgment was entered.  See Fed.R.App.P. 4(b).  The statute therefore expired April 10, 2018, but McComb did not file his Motion to Vacate until June 1, 2020, more than two years too late.

Although McComb himself does not mention it, some inmates in his position have tried to rely on 28 U.S.C. § 2255(f)(3) which starts the statute of limitations on the alternative date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3) does not save McComb's claim because the Supreme Court did not make *Rehaif* retroactively applicable to cases on collateral review.

Finally, *Rehaif* provides no relief here because McComb waived his right to file a § 2255 motion in Paragraph 11 of the Plea Agreement which provides:

> 11. Defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence, including the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement, except that defendant retains the right to appeal if the United States files an appeal, or if the Court imposes a sentence above the statutory maximum. Defendant also waives his right to attack his conviction or sentence collaterally through a post-conviction proceeding, including proceedings under 28 U.S.C. § 2255 and 18 U.S.C. § 3582.

*Id.* at PageID 48.  The Magistrate Judge made this waiver the basis of his Report, but McComb makes no objections to that portion of the Report at all.  If McComb were to respond that the Plea Agreement was voidable because his plea was not knowing, intelligent, and voluntary, he would have to deal with the fact that he did not seek to void the Agreement on direct appeal.  "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *Bousley v. United States,* 523 U.S. 614 (1998), *citing Reed v. Farley*, 512 U.S. 339, 354 (1994).

**Conclusion**

Having reviewed de novo each of Defendant's objections to the Report, the Court OVERRULES them and ADOPTS the Report and Recommendations.  It is accordingly ordered that the Motion to Vacate be dismissed with prejudice and the Clerk enter judgment accordingly.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 22, 2020.                                                                           *s/Thomas M. Rose

                                                                                               Thomas M. Rose
                                                                      United States District Judge